**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-01164-CMA-NRN

VIVOS THERAPEUTICS, INC.,

    Plaintiff,

v.

JOHN R. PARKS,

    Defendant.

---

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on Plaintiff Vivos Therapeutics, Inc.'s Emergency Motion for Ex Parte Temporary Restraining Order. (Doc. # 2.) Plaintiff alleges that Defendant, its former employee, misappropriated its shareholder list, which is a trade secret. Plaintiff argues that an *ex parte* temporary restraining order should issue because Defendant has recently misused the shareholder list to tarnish Plaintiff's reputation and disrupt its business relationships. For the following reasons, Plaintiff's Motion is denied.

### I.    ANALYSIS

Plaintiff's Motion fails to conform to this district's Local Rules of Practice ("Local Rules") and the Federal Rules of Civil Procedure.

Local Rule 7.1(a) indicates that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to

confer with any opposing counsel or unrepresented party to resolve any disputed matter." The Rule further provides that "[t]he moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." Notably, motions filed pursuant to Fed. R. Civ. P. 65 are **not** excepted from the duty to confer. *See* D.C.COLO.LCivR 7.1(b). However, Plaintiff has not certified or otherwise established that it has conferred with Defendant, or his counsel, in good faith to resolve this matter. *See Leslie v. JP Morgan Chase Bank, N.A.*, No. 10-cv-01756-PAB, 2010 WL 3087496, at *1 (D. Colo. Aug. 5, 2010) (denying motion for *ex parte* temporary restraining order in part because plaintiff failed to comply with duty to confer); *Beauprez v. Prinsbank*, No. 10-cv-01350-PAB, 2010 WL 2483804, at *1 (D. Colo. June 14, 2010) (same).

Turning to the Federal Rules of Civil Procedure, Rule 65 provides the following with respect to *ex parte* motions for temporary restraining orders:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant **before the adverse party can be heard in opposition**; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice **and the reasons why it should not be required**.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

As an *ex parte* remedy, the circumstances justifying the issuance of temporary restraining order are "extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*

2

*& Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) ("The stringent restrictions imposed by . . . Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (footnote omitted))).

For example, an *ex parte* temporary restraining order may be appropriate where "notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," or where "notice to the defendant would render fruitless the further prosecution of the action." *Id*. at 1130–31.

In the instant case, Plaintiff has not established that immediate and irreparable injury, loss, or damage will result before Defendant can be heard in opposition. Plaintiff has not asserted, for example, that it is unable to ascertain Defendant's location or that locating him might be unduly onerous. In fact, Plaintiff's only argument in support of issuing a temporary restraining order without notice is its allegation that Defendant has recently misappropriated Plaintiff's proprietary information. (Doc. # 2 at 9.) However, due to Plaintiff's failure to comply with the Local Rules, the Court is left to guess as whether good faith conferral could persuade Defendant to stop the alleged infringement.

Moreover, Plaintiff has been aware of Defendant's alleged misappropriation of its confidential information since at least December 2019, when it terminated Defendant's employment "for disclosing confidential proprietary company information to third parties without authorization." (*Id*. at 6.) The Court concludes that a delay of almost four months

between the time Plaintiff received notice of the misappropriation and the time Plaintiff filed the instant Motion weighs against the issuance of an *ex parte* restraining order. *Mbaku v. Bank of Am., Nat. Ass'n*, No. 12-cv-00190-PAB, 2012 WL 263095, at *1 (D. Colo. Jan. 30, 2012) (citing *Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.*, 2008 WL 4239155, at *6 (N.D. Cal. Sep.11, 2008) (plaintiff's "delay in requesting a TRO militates against its issuance. Parties spurred on by the threat of or actual immediate irreparable harm, file for TROs as quickly as possible to head or stave it off. Here, in stark contrast, [plaintiff] was aware of defendants' alleged counterfeiting activities since July 2008, but did not file suit until September 2008.")).

Finally, the Court notes that Plaintiff's counsel's Rule 65 Certification fails to state, "the reasons why [notice] should not be required," as required by Rule 65(b)(1)(B). *See* (Doc. # 2-3). Therefore, because of the myriad deficiencies in the instant Motion, Plaintiff has failed to demonstrate that an *ex parte* motion for a preliminary restraining order should issue.

## II.     CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff Vivos Therapeutics, Inc.'s Emergency Motion for Ex Parte Temporary Restraining Order (Doc. # 2) is DENIED IN PART AND RESERVED IN PART. The Court **denies** Plaintiff's request for an *ex parte* temporary restraining order. The Court **reserves ruling** on whether a preliminary injunction should issue after Defendant has received proper notice;

- Plaintiff shall serve the Complaint, along with a summons, a copy of its Motion (Doc. # 2), and this Order, on Defendant on or before **May 12, 2020**;

- Plaintiff shall file a certificate of service on or before **May 15, 2020**. The certificate shall **also specify** how Plaintiff has satisfied its conferral obligations pursuant to Local Rule 7.1;

- Defendant shall file a Response to Plaintiff's Motion on or before **May 26, 2020**; and

- Once the Motion is fully briefed, the Court will direct the parties to contact the Chambers to set a preliminary injunction hearing.

DATED: April 28, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge